**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4179**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD OLISLAGER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:07-cr-00030-BO-1)

Submitted:  May 21, 2010                   Decided:  June 17, 2010

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.   Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Richard Olislager pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a) (2006). The district court initially sentenced him to 480 months. However, because the Government failed to recommend a 180-month sentence, as it agreed to in the plea agreement, we vacated Olislager's sentence and remanded for resentencing. On remand, despite the Government's recommendation of a 180-month sentence and Olislager's request that the court follow that recommendation, the district court sentenced Olislager to 235 months, the bottom of the properly calculated advisory guideline range.

Olislager has noted his appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether the sentence imposed was unreasonable because the district court did not, on the record, address the 18 U.S.C. § 3553(a) (2006) factors and provide an individualized explanation of the chosen sentence. Olislager was advised of his right to file a pro se supplemental brief, but has not done so. We again vacate the sentence and remand for resentencing.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S.

2

38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Olislager contends that his sentence is procedurally unreasonable because the district court did not consider the § 3553(a) factors. Olislager properly preserved the issue by arguing in the district court for a sentence below the advisory guideline range and asserting that his employment history, family ties and responsibilities, and his alcoholism warranted a

3

lesser sentence. See Lynn, 592 F.3d at 577-78 (As long as a defendant "draw[s] arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim.").

Although the district court is not required to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it must "place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Carter, 564 F.3d at 330 (internal quotation marks, footnote, and citation omitted). This is true even when, as here, the district court sentences a defendant within the applicable Guidelines range. Id.

Other than noting that Olislager had a prior conviction and that his offense was not merely passive, the district court did not address any of the § 3553(a) factors. The court also failed to provide an individualized explanation for its determination that a 235-month sentence would accomplish the sentencing goals set out in § 3553(a). Under Lynn, we find that this error is not harmless. Id. at 582. Accordingly, we

4

vacate Olislager's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>